IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY JAMES MARINA,

        Petitioner,

v.                                     CASE NO. 5:08-cv-164-RS-AK

AGNES DAVIS, WARDEN,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

       This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner has paid the filing fee.  In his petition, Petitioner challenges the Bureau of Prison's wholesale exclusion from consideration for early release under the Residential Drug and Alcohol Program (RDAP) any prisoner convicted of being a felon in possession of a firearm.  He has not exhausted his administrative remedies and baldly maintains that exhaustion would be futile.

       A prisoner seeking § 2241 habeas relief must exhaust administrative remedies before filing suit in federal court.  *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 124 S.Ct. 2112, 158 L.Ed. 2d 722 (2004).  Even where his presumptive release date has passed, he is required to exhaust administrative remedies before pursuing federal habeas relief.  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992).

The Bureau of Prisons provides inmates with administrative avenues to allow them "to seek formal review of an issue relating to any aspect of [their] confinement," 28 C.F.R. § 542.10(a), and there are deadlines incorporated into the administrative remedies program which prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom. *See, e.g.*, § 542.18 (setting forth BOP response times at various levels of review). Exhaustion is a prerequisite to filing suit here. Therefore, Petitioner must pursue and complete the administrative remedies process, as exhaustion is jurisdictional in this instance. *Gonzalez*, 959 F.2d at 212.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED** for failure to exhaust administrative remedies, and this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __*26*th__ day of June, 2008.


*s/ A. KORNBLUM*_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**